James R. CLARY, Jr., Appellant,

v.

Robert H. SCHMOLKE and Clayton Clark, Appellee.

No. 09–97–065CV.

Court of Appeals of Texas, Beaumont.

Submitted June 11, 1998.

Decided Nov. 5, 1998.

Rehearing Overruled Dec. 3, 1998.

Gerald R. Flatten, Michael L. Blakeney, Rienstra, Dowell & Flatten, Beaumont, for appellant.

Cris E. Quinn, Reaud, Morgan & Quinn, Inc., Beaumont, Ethan L. Shaw, Moore Landry, LLP, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This lawsuit involves a dispute over a portion of attorney's fees generated by the settlement of Robert J. Solar, Jr.'s personal injury lawsuit. Attorneys James R. Clary, Jr., Robert H. Schmolke, and Clayton Clark entered into litigation concerning these fees. The trial court entered a final judgment in favor of Schmolke. Clary appeals bringing thirty-six points of error.

The facts of the underlying suit are as follows: Solar suffered personal injuries while working on an offshore rig off the coast of Louisiana. He initially retained Clary to represent him in a lawsuit against his employer. At that time, Clary was working as an associate for Schmolke's law firm in Louisiana. Clary then referred the case to Clark, a Texas attorney. Clark and Clary reached an agreement whereby they would split the legal fees on a fifty-fifty basis. Clary later resigned from Schmolke's firm. Clark settled Solar's personal injury suit generating

$160,000 in legal fees. Clark kept $80,000 for himself, sent $40,000 to Clary, and then placed another $40,000 into the registry of the court because of a dispute between Clary and Schmolke concerning the fees. The dispute resulted in litigation involving Clary, Schmolke, and Clark. The trial court entered judgment for Schmolke, awarding him the $40,000 that was placed in the court registry and also awarded him attorney's fees and prejudgment interest.

■ In points of error one through five, Clary alleges that because there is no evidence and insufficient evidence that Solar retained Schmolke to represent him in a personal injury lawsuit, the trial court erred in finding that the dispute does not involve Solar and in finding that Schmolke is entitled to recover the $40,000 in the registry of the court.[1]

■ A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. First, the record must be examined for evidence that supports the court's finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finder's answer, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982); *Texas & N.O.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947). When reviewing a factual sufficiency point of error, we must consider and weigh all the evidence and should set aside the judgment only if the evidence is so weak as to make the finding clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ The evidence at trial established that Clary worked as an associate for Schmolke for 13 years. In July 1992, Clary began being compensated pursuant to a contract of employment. The contract provided that

---

1. In points of error 2, 5, 7, 8, 13, 15, 17, 19, 21, 24, 26, 30, 32, 34, and 36, Clary challenges findings of fact and conclusions of law for factual insufficiency. We summarily overrule the parts of these points of error challenging conclusions of law for factual sufficiency. Conclusions of law are reviewable when attacked as a matter of law, but not on grounds of factual sufficiency. *Tigner v. City of Angleton*, 949 S.W.2d 887, 889 (Tex.App.—Houston [14th Dist.] 1997, no writ).

Clary would be compensated 50% for any case he originated and developed through its final resolution or 25% of any case the law firm originated, but gave to Clary to develop for resolution. In December 1993, Clary informed Schmolke that he was going to Morgan City to "pick up a maritime case." This maritime case involved Solar, who, according to Schmolke, had been referred to the Schmolke firm by a client of the firm, Mr. Lodrigue. After investigating the case, Clary told Schmolke that the case had been "run," implying that Solar had retained another lawfirm. Clary, however, signed up Solar as a client using a contingent fee agreement from the Schmolke law firm. Solar mailed the signed contingent fee agreement back to the Schmolke law firm. The evidence at trial showed that Clary began representing Solar while using the work product of the Schmolke firm, charged long distance calls to the firm, and answered calls from other individuals about the Solar case, all during his employment with Schmolke. Clary had no agreement with Schmolke to moonlight on other cases. Clary denied the existence of the Solar case when confronted by Schmolke. Clary resigned from Schmolke's firm on February 16, 1994, taking the Solar case with him and without telling Schmolke of the existence of the file.

At trial, the parties stipulated, and the court accepted, that the relationship between Clary and Schmolke giving rise to the dispute would be controlled by Louisiana substantive law. In his brief, Clary argues that the Louisiana Rules of Professional Responsibility prohibit a lawyer from sharing a fee with another attorney with whom the client did not contract. Clary urges that Solar did not hire Schmolke and did not intend for Schmolke to share the fee.

In *Scurto v. Siegrist,* 598 So.2d 507 (La. Ct.App.), *writ denied,* 600 So.2d 683 (La. 1992), a fee dispute arose between two attorneys. The primary issue in the case was the division of a contingent attorney fee which resulted from the settlement of a personal injury lawsuit. The court found that the contract between the two attorneys was the governing principle between them. *Id.* at 510. The court stated that the Rules of

Professional Conduct "[do] not prohibit enforcement of that agreement and [do] not require apportioning of the fee on a quantum meruit basis." *Id.See also Lawrence v. Wynne,* 598 So.2d 1293, 1295–96 (La.Ct. App.), *writ denied,* 604 So.2d 969 (La.1992).

In the present case, there is some evidence to support the trial court's findings that Solar retained Schmolke's law firm to represent him. Additionally, after considering and weighing all the evidence, we do not find the evidence supporting the trial court's findings to be so weak as to make the findings clearly wrong and unjust. Points of error one through five are overruled.

■ In points of error six through nine, Clary alleges the evidence is factually and legally insufficient that Solar signed a Schmolke contingent fee agreement and, therefore, the trial court erred in finding that he did and in its conclusion of law that quantum meruit does not apply.

Clary was paid according to the terms of an unsigned contract between himself and Schmolke while he was employed by Schmolke. The contract represented the agreement between them, according to Schmolke's testimony. As outlined above, Clary began working on the Solar case while employed by the firm and while under contract with Schmolke. The trial court did not err in finding that Solar signed a Schmolke contingent fee agreement and in its conclusion of law that quantum meruit does not apply. There was some evidence presented at trial that Clary signed up Solar as a client while Clary was working for Schmolke and under the terms of Clary's employment agreement with Schmolke. After considering and weighing all the evidence, we do not find the evidence supporting the trial court's findings to be so weak as to make the findings clearly wrong and unjust. Points of error six through nine are overruled.

In points of error ten and eleven, Clary complains of the evidence proving that Clary and Schmolke had a valid employment contract governing the distribution of Solar's personal injury suit and the evidence proving that Schmolke is entitled to the $40,000 in the registry of the court. We overrule these

points of error because those issues were resolved in our preceding discussion.

In points of error twelve through fifteen, Clary complains the evidence is legally and factually insufficient to support the trial court's findings that a contract of employment existed between Clary and Schmolke that prevented Clary from practicing law outside the agreement. We also overrule these points of error because of our analysis in the preceding points of error.

■ In points of error sixteen through nineteen, Clary complains that because the evidence is legally and factually insufficient to support the trial court's finding that Clary secretively attempted to hide the existence of his representation of Solar, the trial court erred in its finding of fact numbers 15 and 17 and its conclusions of law numbers 5 and 6.[2]

As stated above, in December of 1993, Clary traveled to Morgan City to obtain Solar as a client. Upon his return, he indicated to Schmolke that Solar hired another lawyer. Clary in turn entered an employment agreement with Solar and began working on the case. Schmolke's law firm's long distance telephone records and telephone message books reflect that Clary was engaged in telephone conversations with Robert Solar throughout January 1994, the month preceding Clary's resignation from the firm. At trial, Schmolke testified that he had no knowledge that Clary had signed up Solar until "right before he left" the firm. Schmolke got suspicious about the existence of the file when Clary "started screaming and hollering and cursing at a secretary that had come on board, because somebody had sent a copy of a maritime contract and it had the wrong address on it. . . ." Schmolke testified that the contract the secretary was referring to was Clary's contract with Solar which had come back in the mail to Schmolke's firm marked "wrong address." When Schmolke confronted Clary about the existence of the case, Clary denied any knowledge of it. Schmolke testified that he was sure that Clary originated the Solar case while he was Schmolke's employee because "He used my phones, my receptionist; she answered calls from Joey Lodrigue about this case, she answered calls from Bengie Lodrigue about this case. He charged long distance calls about this case. So, yes, I know that it was during his employment with me."

We find there was evidence presented at trial that Clary secretively attempted to hide the existence of his representation of Solar from Schmolke. Also, after considering and weighing all the evidence, we do not find the evidence supporting the trial court's findings and conclusions to be so weak as to make them clearly wrong and unjust. Points of error sixteen through nineteen are overruled.

■ In points of error twenty through twenty-two, Clary complains that because the evidence is legally and factually insufficient to support the trial court's finding that Schmolke suffered damage as a result of Clary's failure to disclose his representation of Solar, the trial court erred in its conclusion of law that Clary committed a fraud that prevents or estops him from recovering the $40,000 in the registry of the court.

As stated above, beginning in July of 1992, Clary had been compensated pursuant to a contract of employment with Schmolke. The evidence showed that Clary began working on Solar's case while still employed by Schmolke. This contract is the governing principle of the fee dispute between Schmolke and Clary. See Scurto, 598 So.2d at 510. When Clark settled Solar's case, Schmolke was entitled to a portion of the fees that Clary received. We find the evidence is legally and factually sufficient to support the trial court's finding that Schmolke suffered damage as a result of Clary's failure to disclose his representation

2. Finding of Fact # 15: Clary secretively attempted to hide the existence of the representation of Solar from Schmolke.

Finding of Fact # 17: Upon his separation from Schmolke, Clary did not identify Solar as his client separate from his contracted relationship with Schmolke.

Conclusion of Law # 5: Clary is estopped from receiving any of the $40,000 fee currently deposited in the Registry of the Court.

Conclusion of Law # 6: Clary's fraud prevents him from receiving any of the $40,000 currently deposited in the Registry of the Court.

of Solar. Points of error twenty through twenty-two are overruled.

In points of error twenty-three through twenty-six, Clary argues the evidence is legally and factually insufficient to support the trial court's conclusion of law that Clark properly deposited $40,000 in the registry of the court and was an innocent stake holder facing rival claims.

■■■ In order to establish a valid interpleader the petitioner must prove: (1) that he is subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; (2) that he has not unreasonably delayed in filing the interpleader action; and (3) that he has unconditionally tendered the funds into the court. *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex.App.—San Antonio 1995, no writ). The propriety of an interpleader is established as a matter of law by the evidence in a particular case. *Petro Source Partners, Ltd. v. 3–B Rattlesnake Ref. (1990), Ltd.*, 905 S.W.2d 371, 379 (Tex. App.—El Paso 1995, writ denied).

■■■ The evidence at trial showed that Clark filed a proper interpleader action. After Clark settled Solar's lawsuit and received the attorney fees, he deposited $40,000 into the registry of the court. He did so because of rival claims to the money from both Clary and Schmolke. When Clary first approached Clark about Solar's case, Clary informed Clark that he was the referring attorney and that Schmolke had nothing to do with the lawsuit. However, Clark then received phone calls and letters from Schmolke claiming that Clary worked for him when he began representing Solar and that he (Schmolke) claimed part of the referral fee. Before placing the money in the registry of the court, Clark tried to get Clary and Schmolke to reach an agreement about the fee but was unsuccessful. At trial, Clark testified that after he was unsuccessful in getting the two to reach an agreement, he then expeditiously placed the funds in the registry of the court and unconditionally gave up any claim to the funds.

After reviewing the entire record, we find some evidence in the record to support the trial court's finding that Clark was an innocent stakeholder who properly tendered $40,000 into the court registry. Points of error twenty-three through twenty-six are overruled.

■■■ In point of error twenty-seven, Clary alleges the trial court erred in failing to find that Clary is entitled to the $40,000 in the court registry. When an appellant attacks the legal sufficiency of a failure to find on an issue upon which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue as a matter of law. *Sterner*, 767 S.W.2d at 690; *Silva v. Enz*, 853 S.W.2d 815, 816 (Tex.App.—Corpus Christi 1993, writ denied). As stated above, in reviewing an "as a matter of law" challenge, we examine the record for evidence supporting the failure to find, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690; *Silva*, 853 S.W.2d at 817.

As discussed above in the preceding points of error, the trial court correctly found that Schmolke was entitled to the $40,000 in the court registry. After reviewing the record, we find the trial court did not err in failing to find that Clary was entitled to the $40,000. Point of error twenty-seven is overruled.

■■■ In point of error twenty-eight, Clary argues the trial court erred in failing to award him attorney's fees for his action against Clark. To recover attorney's fees, a party generally must obtain a judgment. *Victoria Air Conditioning, Inc. v. Southwest Texas Mechanical Insulation Co.*, 850 S.W.2d 720, 725 (Tex.App.—Corpus Christi 1993, writ denied). Because Clary did not obtain a judgment in the trial court, he was not entitled to attorney's fees. Point of error twenty-eight is overruled.

■■■ In points of error twenty-nine through thirty-two, Clary argues that because the evidence was legally and factually insufficient to show Clark hired Cris Quinn to pursue or defend his interpleader action, the trial court erred in allowing Quinn to recover legal fees from Clary.

In its finding of fact # 10, the trial court found:

After the filing of this interpleader action in this case by Clark, Clary contended that the interpleader was improperly filed and filed a cross-action against Clark for breach of contract. These facts made it necessary for Clark to hire an attorney to represent him in defending the interpleader action and in defending the breach of contract action. Clark hired Cris Quinn of the Law Firm of Reaud, Morgan & Quinn, Inc.

The trial court also found Clark was entitled to recover his attorney fees from Clary.

Clark testified that after he put the money in the registry of the court, Clary sued him for breach of contract. Clark testified that it was therefore necessary to hire Quinn to defend him in that action. Clark's testimony amounts to probative evidence supporting the trial court's finding that Clark hired Quinn to defend him in the underlying lawsuit. We do not find the evidence so weak as to make the finding clearly wrong and unjust.

Additionally under these points of error, Clary argues that under TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997), Clark is not entitled to attorney's fees. Clary points out that under that statute, attorney's fees may only be obtained for breach of an oral or written contract, and that he did not breach his contract with Schmolke. We dismiss this argument because as discussed above, the evidence showed that Clary breached his contract with Schmolke by secretly representing Solar while working for Schmolke.

Clary also argues that Clark cannot recover fees because an interpleader action and a contract action were joined in the same suit and therefore Clark had a duty to offer evidence showing how much of the alleged fees were incurred in prosecuting each claim. Clary cites *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex.1988)

and *Bowles v. Reed*, 913 S.W.2d 652 (Tex. App.—Waco 1995, writ denied) for the general proposition that where two causes of action are brought and attorney's fees can only be awarded under one of them, the party seeking to recover the fees must segregate the amount of services to determine the proper amount of attorney's fees. However, both courts held that if no objection is made to the failure to segregate, the error is waived. *Hruska*, 747 S.W.2d at 785; *Bowles*, 913 S.W.2d at 662. All parties in the present case stipulated to attorney's fees at trial. Clary raised no objection to the stipulation or alleged failure to segregate. For the above reasons, points of error twenty-nine through thirty-two are overruled.

In points of error thirty-three through thirty-five, Clary argues the evidence is legally and factually insufficient to show that Schmolke prevailed on his contract action against Clary and had a lawful claim to the $40,000 in the court registry. We also overrule these points of error as these issues have been addressed in points of error one through five and ten through fifteen.

In point of error thirty-six, Clary complains of the factual sufficiency of the trial court's findings that Schmolke was Solar's attorney and that Schmolke and Clary had a contract that did not allow Clary to practice law outside their relationship. We overrule this point of error as we have already addressed these issues in our discussion of points of error two and thirteen.

The judgment of the trial court is AFFIRMED.