Candy **EDDINS** and James **Eddins**, Appellants,

v.

James Timothy **PARKER**, **M.D.**, Appellee.

No. 08-00-00032-CV.

Court of Appeals of Texas, El Paso.

June 14, 2001.

Michael J. Whitten, Denton, for appellants.

Diana L. Faust, Ashley Elizabeth Frizzell, Cooper & Scully, P.C., Dallas, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a medical negligence action. The sole issue before us is whether the trial court erred in transferring venue from Harris County, Texas, to Grayson County, Texas. For the reason stated, we affirm the judgment of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

In April 1994, Appellant, Candy Eddins, learned she was pregnant. She was referred to Appellee, Dr. James Timothy Parker, since her prior physician was no longer delivering babies. Candy had experienced an ectopic pregnancy ten years earlier and as a result, her right fallopian tube and right ovary were removed. Candy had also been cautioned that she was at a higher than normal risk of a second ectopic pregnancy. She informed Appellee of her medical history and after a routine

exam, Appellee advised her that everything was fine.

Prior to her second scheduled visit with Appellee, Candy experienced cramping and spotting. She contacted Appellee and he performed a second vaginal sonogram. Appellee again told Candy that everything was fine. On May 25, 1994, while in Louisiana with her husband, Appellant James Eddins, Candy suffered excruciating pain for several hours. She later spoke with Appellee who suggested she was suffering from hemorrhoids and advised her to take extra strength Tylenol and Annusol suppositories. Candy also informed Appellee that her husband's work was moving to Houston. Appellee told her it was okay for her to accompany James.

On June 9, 1994, while in Houston, Candy again began to suffer excruciating pain and James took her to the Park Plaza Hospital. After an examination, Candy was informed that the fetus was "free floating" in her abdomen. Candy was told if she attempted to return to Sherman to have Appellee examine her, she would bleed to death. She was then transferred to Hermann Hospital in Houston and examined by Dr. Yusoff Dawood, a specialist in surgery on the female reproductive organs. Dr. Dawood diagnosed Candy with an ectopic pregnancy. Dr. Dawood performed a laparoscopy, which evolved into a laparotomy. He was able to save Candy's ovary, but her fallopian tube was removed.

Appellants filed suit in the 215th Judicial District Court of Harris County, Texas, on September 5, 1995, against Appellee. They alleged he negligently failed to diagnose and timely treat her ectopic pregnancy, resulting in the loss of her fallopian tube and the loss of her ability to naturally conceive another child. They also sought

damages incurred in connection with her hospitalization, surgery and treatment in Houston. James asserted a bystander's claim.[1] Appellee filed a motion to transfer venue to Grayson County, Texas. Appellants filed Candy's affidavit, which summarized the events that occurred in Harris County as facts establishing it as the county of proper venue. Appellee then responded with his own affidavit stating that he provided medical services to Candy only in Grayson County and that he did not provide any services in Harris County. The trial court sustained Appellee's motion and ordered the case be transferred to Grayson County. The jury found that Appellee's negligence was not the proximate cause of the occurrence in question and the court entered a take-nothing judgment.

## II. *DISCUSSION*

The sole issue on appeal is whether the 215th District Court of Harris County, Texas, erred in sustaining Appellee's Motion to Transfer Venue and in ordering the cause transferred to Grayson County, Texas. In determining whether venue was proper in the ultimate county of suit, we shall consider the entire record, including the trial on the merits. *See* Tex. Civ.Prac. & Rem.Code Ann. § 15.064(b) (Vernon 1986); *Wilson v. Texas Parks and Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994). The trial court's ruling is not reviewed for factual sufficiency of the evidence; rather, if there is any probative evidence in the record that venue was proper in the county where judgment was rendered, then the appellate court must uphold the trial court's venue determination. *See Ruiz v. Conoco*, 868 S.W.2d 752, 758 (Tex.1993). In conducting this review,

1. Prior to trial, James's bystander claim was resolved by partial summary judgment in favor of Appellee.

we must view all the evidence in the light most favorable to the trial court's ruling. *See id.*

Texas venue law is well-established. The plaintiff has the first choice to fix venue in a proper county. The plaintiff does this by filing the suit in the county of his choice. *See Wilson*, 886 S.W.2d at 260. If a defendant, through a venue transfer motion, objects to the plaintiff's venue choice, the plaintiff must prove that venue is proper in the county of suit. *See* TEX. R.CIV.P. 87(2)(a); *Wilson*, 886 S.W.2d at 260. The hearing on a motion to transfer venue is non-jury, for argument only, and no evidence may be received. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 15.064(a); TEX. R.CIV.P. 87, 88; *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 n. 4 (Tex.1992). If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.063; *Wilson*, 886 S.W.2d at 260 n. 1; *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 741 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *cf. Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993).

In his Motion to Transfer Venue, Appellee alleged that Harris County was not a county of proper venue and that no basis existed for permitting or mandating venue there. He claimed that the alleged negligence did not occur in Harris County and that Appellants did not reside in Harris County when the alleged negligence occurred. Finally, he asserted that Appellants wholly failed to allege venue facts that would permit the suit to continue in Harris County. Appellee requested that venue be transferred to Grayson County pursuant to Rule 87 of the Texas Rules of Civil Procedure and under Section 15.001 of the Texas Civil Practice and Remedies Code.

In their initial response, Appellants argued that at least part of Candy's cause of action, the rupture of the ectopic pregnancy, the removal of her fallopian tube, and the development of endometriosis, accrued in Harris County and thus she was entitled to bring the lawsuit there. They argued that all or part of James's cause of action accrued in Harris County, since he accompanied his wife to the emergency room after the rupture of the ectopic pregnancy, and thus Harris County was a proper county of venue. Appellants relied upon Sections 15.001 and 15.061 of the Texas Civil Practice and Remedies Code. They also attached Candy's affidavit in which she reiterated the facts she believed established venue in Houston. In their Supplemental Response, Appellants noted that Section 15.002 of the Civil Practice and Remedies Code, which became effective September 1, 1995, four days prior to the filing of their lawsuit, was the controlling venue provision. Thus they addressed both provisions and concluded that under either statute, venue was proper in Harris County.

Finally, Appellee filed his reply to Appellants' response to the motion to transfer venue, in which he argued that newly-enacted Section 15.002 of the Civil Practice and Remedies was the governing venue rule and that venue was proper in Grayson County under the new rule. Appellee asserted that venue was proper only in the county where the claim of negligence arose rather than in any county where any part, fact, or element of a cause of action occurred. He also argued that his alleged negligence, or the events, acts, or omissions giving rise to the claim, did not occur in Harris County because none of the medical treatment giving rise to the claim occurred there. Because all of the

medical care that was subject to Appellants' claims of negligence occurred in Grayson County, he maintained that venue must lie only in Grayson County. We agree.

Section 15.002 provides:

(a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.2001).

Here, it is undisputed that Appellee treated Candy in Grayson County. Thus, Grayson County is the only county in which all or a substantial part of the events or omissions giving rise to the claim occurred. It is also undisputed Appellee was a resident of and his office was located in Grayson County. Since subdivisions (I), (II), and (III) apply, we need not consider subdivision (IV). However, we note that in their Original and Amended Petitions, Appellants listed themselves as residents of Grayson County, Texas. Thus, considering all of the evidence in the light most favorable to the trial court's ruling, we find there is probative evidence in the record that venue was proper in Grayson County. The trial court's venue determination is upheld and we overrule Appellants' sole

issue on appeal. The judgment of the trial court is affirmed.