COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-378-CV
 
 
LYNN SMITH CHEVROLET-GEO, INC.                                       APPELLANT
                                                                                    
AND APPELLEE
 
V.
 
JASON E. TIDWELL                                                                APPELLEES
AND LORENE BUTLER                                                  
 AND APPELLANTS
 
 
------------
 
FROM THE 236TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Lynn 
Smith Chevrolet-Geo, Inc. appeals from an adverse judgment for Jason E. Tidwell 
and Lorene Butler rendered under the Equal Credit Opportunity Act (the ECOA).[1]  In two issues, Lynn Smith argues that the trial 
court improperly awarded Tidwell and Butler attorney’s fees under the ECOA 
because Tidwell and Butler did not obtain any relief entitling them to 
attorney’s fees or, alternatively, that the trial court erred by failing to 
render judgment in accordance with the parties’ settlement agreement.
        In 
a cross-appeal, Tidwell and Butler contend that the attorney’s fee award is 
much lower than the evidence warrants.  Tidwell and Butler also raise a 
conditional challenge to the trial court’s transfer of venue of the case from 
Johnson County to Tarrant County.  We will reverse and remand.
        In 
June 2000, Tidwell and Butler purchased a car from Lynn Smith. Tidwell and 
Butler claim that Lynn Smith unlawfully repossessed the car in August 
2000.  They sued Lynn Smith for wrongful repossession and conversion, 
theft, fraud, breach of contract, and violations of the Certificate of Title 
Act, Federal Odometer Act, Truth in Lending Act, Equal Credit Opportunity Act, 
and Deceptive Trade Practices Act, and they sought exemplary damages and 
attorney’s fees.
        Tidwell 
and Butler originally filed their suit in Johnson County.  Lynn Smith 
contended that venue was improper in Johnson County and moved to transfer venue 
of the case to Tarrant County.  The Johnson County trial court granted the 
motion and transferred the case to Tarrant County.  Thereafter, the Tarrant 
County trial court granted Tidwell and Butler a partial summary judgment on 
their ECOA claims and awarded them attorney’s fees.  Tidwell and Butler 
then nonsuited their remaining claims against Lynn Smith.  This appeal 
followed.
        In 
their second issue on cross-appeal, Tidwell and Butler challenge the trial 
court’s venue, asserting that the Johnson County trial court improperly 
transferred the underlying case from Johnson County to Tarrant County.  We 
will address this issue first because it is dispositive of the appeal.
        Tidwell 
and Butler ask us not to address proper venue unless we reverse the judgment 
rendered in their favor in Tarrant County.  An erroneous venue 
determination cannot be harmless, however, but “shall be reversible 
error.”  Tex. Civ. Prac. & Rem. 
Code Ann. § 15.064(b) (Vernon 2002); see also Ruiz v. Conoco, Inc., 
868 S.W.2d 752, 758 (1993) (op. on reh’g).  Therefore, if venue was not 
proper in Tarrant County, the trial court’s judgment must be reversed.
        Lynn 
Smith contends that Tidwell and Butler have waived their venue challenge on 
appeal by asking us to address proper venue only if we reverse the Tarrant 
County trial court’s judgment.  Lynn Smith concedes, however, that it 
cannot find any authority to support its position, and we decline to adopt it 
here.  Because Tidwell and Butler challenged the trial court’s venue 
ruling in their opening appellant’s brief, we will consider their 
complaint.  See, e.g., Coastal Liquids Transp., L.P. v. Harris County 
Appraisal Dist., 46 S.W.3d 880, 885 (Tex. 2001) (holding that appellate 
issue not raised until motion for rehearing was waived); Romero v. State, 
927 S.W.2d 632, 634 n.2 (Tex. 1996) (refusing to consider as unpreserved issue 
that was raised for first time in post-submission briefing).
        Venue 
selection presupposes that the parties to the lawsuit have choices and 
preferences about where their case will be tried.  Wilson v. Tex. Parks 
and Wildlife Dep’t, 886 S.W.2d 259, 260 (Tex. 1994).  Because venue 
may be proper in numerous counties, the plaintiff is given the first choice to 
fix venue in a proper county and does so by filing suit in the county of her 
choosing. Id.; Eddins v. Parker, 63 S.W.3d 15, 18 (Tex. App.—El Paso 
2001, pet. denied).  If a plaintiff files suit in an improper county, she 
waives her first choice of venue and the defendant may have the suit transferred 
to another county, as long as venue is proper in that county. Wilson, 866 
S.W.2d at 260; WFTO, Inc. v. Braithwaite, 899 S.W.2d 709, 716 (Tex. 
App.—Dallas 1995, no writ); see also Tex. Civ. Prac. & Rem. Code Ann. § 
15.063(1) (Vernon 2002) (providing that trial court shall transfer action to 
another county of proper venue if county in which action is pending is not a 
proper county).[2]
        All 
venue facts, when properly pleaded, shall be taken as true unless specifically 
denied by the adverse party.  Tex. 
R. Civ. P. 87(3)(a).  If a defendant objects to the plaintiff’s 
venue choice and properly challenges that choice through a motion to transfer 
venue, the question of proper venue is raised.  Wichita County v. Hart, 
917 S.W.2d 779, 781 (Tex. 1996); Wilson, 886 S.W.2d at 260-61; Tex. R. Civ. P. 86(3), 87(2)(b).  
Once the defendant specifically denies the pleaded venue facts, the burden is on 
the plaintiff to prove that venue is maintainable in the county of suit.  Wilson, 
886 S.W.2d at 261; Tex. R. Civ. P. 
87(2)(a)-(b).[3]
        To 
meet this burden, the plaintiff must make prima facie proof of the pleaded venue 
facts that the defendant has denied.  Tex. R. Civ. P. 87(3)(a).  Prima 
facie proof is made when the venue facts are properly pleaded and an affidavit 
and any duly proved attachments to the affidavit fully and specifically setting 
forth the facts supporting such pleading are filed.  Id.; WTFO, 899 
S.W.2d at 715; see also Rodriguez v. Printone Color Corp., 982 S.W.2d 69, 
72 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (“A prima facie case 
represents the minimum quantity of evidence necessary to support a rational 
inference that the allegation of fact is true.”).  The affidavit must be 
made on personal knowledge, set forth specific facts as would be admissible in 
evidence, and must show affirmatively that the affiant is competent to 
testify.  Tex. R. Civ. P. 
87(3)(a); WTFO, 899 S.W.2d at 715.
        The 
trial court shall determine the motion on the basis of the pleadings, the 
parties’ stipulations, and the affidavits and any proper attachments 
thereto.  Tex. R. Civ. P. 
87(2)(b), 88; Tex. Civ. Prac. & Rem. 
Code Ann. § 15.064(a) (Vernon 2002); Eddins, 63 S.W.3d at 
18.  If the plaintiff adequately pleads and makes prima facie proof that 
venue is proper in the county of suit, then the trial court must not transfer 
the case.  Tex. R. Civ. P. 
87(3)(c); see also Wilson, 886 S.W.2d at 261 (“Together, Rule 87(3)(c) 
and section 15.063(1) require that a lawsuit pleaded and proved to be filed in a 
county of proper venue may not be transferred.”).  In that situation, no 
other county can be a proper county of venue, even if the county of transfer 
also would have been proper if originally chosen by the plaintiff.  Wilson, 
886 S.W.2d at 261; Jaska v. Tex. Dep’t of Protective & Regulatory Servs., 
106 S.W.3d 907, 909-10 (Tex. App.—Dallas 2003, no pet.).  This rule gives 
effect to the plaintiff’s right to select a proper venue.  Wilson, 
886 S.W.2d at 261.
        Our 
review of the trial court’s venue ruling is governed by statute.  Tex. Civ. Prac. & Rem. Code Ann. § 
15.064(b); Wilson, 886 S.W.2d at 261; Ruiz, 868 S.W.2d at 
757.  In determining whether venue was proper, we must conduct an 
independent review of the entire record. Tex. Civ. Prac. & Rem. Code Ann. § 
15.064(b); Wilson, 886 S.W.2d at 261-62.  This review strikes a 
balance between the competing interests of the plaintiff and the 
defendant.  It preserves the plaintiff's right to select and maintain suit 
in a county of proper venue, and it protects the defendant from fraud or 
inaccuracy at the pleading stage.  Wilson, 886 S.W.2d at 262.
        In 
this case, the record shows that Tidwell and Butler properly pleaded and put on 
prima facie proof that venue was proper in Johnson County.  In their 
original petition, Tidwell and Butler pleaded that venue was proper in Johnson 
County pursuant to section 15.002 of the civil practice and remedies code 
because “some or all of the acts forming the basis of [their] complaint 
occurred  in Johnson County . . . .”[4]  
Tidwell and Butler further alleged that they resided in Johnson County, Lynn 
Smith did business as an automobile dealer in Johnson County, and Tidwell and 
Butler purchased a car from Lynn Smith that Lynn Smith later repossessed, even 
though Tidwell and Butler were current in their car payments.
        In 
response, Lynn Smith specifically denied the following venue facts:
 
• that, at the time Tidwell and Butler’s claims accrued (from June 2000 to 
present), Lynn Smith’s principal place of business was in Johnson County;
 
• 
that all or a substantial part of the events or omissions giving rise to Tidwell 
and Butler’s claims occurred in Johnson County.
 
        Tidwell 
and Butler then amended their pleadings to allege the following additional 
facts, which they supported by Lorene Butler’s affidavit: The vehicle Tidwell 
and Butler had purchased from Lynn Smith was repossessed at Tidwell and 
Butler’s residence in Johnson County, Texas on or about August 14, 2000 by an 
individual who represented himself to be an employee or other representative of 
Lynn Smith.  It was the second time someone from Lynn Smith had come to 
Tidwell and Butler’s home to attempt to regain possession of the car.  
Butler let Lynn Smith have the car only because the dealership threatened to 
continue to follow her until they regained possession of the vehicle.[5]
        In 
an attempt to controvert Tidwell and Butler’s pleadings and evidence, Lynn 
Smith tendered the affidavit of Robert Gault, which stated in its entirety:
  
My name is Robert Gault.  I am capable of making this affidavit. The facts 
stated in the affidavit are within my personal knowledge and are true and 
correct.
 
On 
September 14, 2000, Jason Tidwell and Lorene Butler, voluntarily returned a 1997 
Chrysler Sebring to Lynn Smith Chevrolet.
 
        Lynn 
Smith asserts that Tidwell and Butler have not properly pleaded or proved any 
venue facts showing that all or a substantial part of the events or omissions 
giving rise to their claims occurred in Johnson County.  Lynn Smith 
contends that most of Tidwell and Butler’s claims are based on the retail 
installment contract between the parties, which was entered at Lynn Smith’s 
place of business in Tarrant County.
        The 
gist of Tidwell and Butler’s suit, however, is that Lynn Smith wrongfully 
repossessed their car in Johnson County even though they were current in their 
car payments.  Further, one of the bases on which they sought summary 
judgment under the ECOA was that Lynn Smith had taken “adverse action” by 
repossessing their vehicle without giving them written notification of the 
reasons therefor.  Because the alleged wrongful repossession of Tidwell and 
Butler’s car in Johnson County is an indispensable component of their claims 
against Lynn Smith, they have properly pleaded and put on prima facie proof that 
a substantial part of the events giving rise to their suit occurred in Johnson 
County.  See Old Am. County Fire Ins. Co. v. Renfrow, 90 S.W.3d 810, 
819-20 (Tex. App.—Fort Worth 2002, no pet.) (holding, in declaratory judgment 
suit seeking determination of insurance coverage, that substantial events giving 
rise to suit occurred in county where permission to drive truck and accident 
occurred, rather than in county where insurance contract was entered, because 
suit involved contract construction in light of discrete events surrounding 
accident), rev’d on other grounds, 130 S.W.3d 70 (Tex. 2004); see 
also Frost Nat’l Bank v. L & F Distribs., Ltd., 122 S.W.3d 922, 927-28 
(Tex. App.—Corpus Christi 2003, pet. filed); S. County Mut. Ins. Co. v. 
Ochoa, 19 S.W.3d 452, 460-61 (Tex. App.—Corpus Christi 2000, no pet.) 
(both holding that substantial part of events or omissions giving rise to claim 
may occur in more than one county).
        Moreover, 
assuming, for argument’s sake, that Gault’s affidavit is competent evidence,[6] it does not establish that the repossession took place 
outside of Johnson County.  The affidavit does not state where the alleged 
“voluntary return” of the car took place, whether at Tidwell and Butler’s 
residence or at Lynn Smith’s dealership, nor does it state what county the 
dealership was located in.  Gault’s deposition testimony, which is also 
in the record, shows that Gault testified, “I believe someone went and got 
[the car],” and there is other evidence in the record that John Woollis, Lynn 
Smith’s general sales manager, sent someone to retrieve the car.
        Further, 
there is no evidence that venue was proper in Tarrant County.  Although 
Lynn Smith asserted in its motion to transfer that venue was proper in Tarrant, 
rather than Johnson, County, Lynn Smith did not put on any evidence whatsoever 
that Tarrant County was a proper county of venue.  Lynn Smith alleged that 
its principal place of business was in Tarrant County but did not put on any 
prima facie proof to support this pleading.  See Tex. R. Civ. P. 87(2)(a)-(b), (3)(a); Wilson, 
886 S.W.2d at 260 n.1.  In addition, Lynn Smith does not direct us to any 
other evidence, and our independent review of the record has revealed none, that 
venue was proper in Tarrant County.  The record shows that Lynn Smith’s 
dealership was located at “925 N. Burleson Blvd., Burleson, Texas 76028,” 
but there is no evidence what county this address is in.[7]
        Having 
reviewed the entire record, we conclude that it contains some probative evidence 
that a substantial part of the events or omissions giving rise to Tidwell and 
Butler’s claims occurred in Johnson County and no probative evidence that 
anything occurred in Tarrant County.  In this situation, no county but 
Johnson County can be a proper county of venue.  Wilson, 886 S.W.2d 
at 261.  Accordingly, we hold that the Johnson County trial court erred by 
granting Lynn Smith’s motion and transferring the case to Tarrant 
County.  See Jaska, 106 S.W.3d at 910.  We sustain Tidwell and 
Butler’s second issue.
        We 
reverse the Tarrant County trial court’s judgment and the Johnson County trial 
court’s order transferring the case to Tarrant County and remand the cause to 
the Tarrant County court with instructions to transfer the case back to Johnson 
County.[8]
  
   
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL A:   CAYCE, 
C.J.; HOLMAN and WALKER, JJ.
 
DELIVERED: March 24, 2005


NOTES
1.  
See 15 U.S.C.A. §§ 1691–1691f (West 1998).
2.  
In such a case, the defendant also must make prima facie proof that venue is 
maintainable in the county to which transfer is sought.  Tex. R. Civ. P. 87(2)(a)-(b), (3)(a); Wilson, 
886 S.W.2d at 260 n.1.
3.  
Rule 87(2)(a) refers to section 15.001 as the “General Rule” regarding 
venue; however, that section was renumbered as section 15.002 in 1995.  Tex. Civ. Prac. & Rem. Code Ann. § 
15.001 historical note (Vernon 2002) [Act of May 8, 1995, 74th Leg., R.S., ch. 
138, § 1, 1995 Tex. Gen. Laws 978, 979].
4. 
Section 15.002, the general venue statute, provides that all lawsuits shall be 
brought:
 
(1) 
in the county in which all or a substantial part of the events or 
omissions giving rise to the claim occurred;
(2) 
in the county of the defendant’s residence at the time the cause of action 
accrued if the defendant is a natural person;
(3) 
in the county of the defendant’s principal office in Texas, if the defendant 
is not a natural person; or
(4) 
if (1), (2), and (3) do not apply, in the county in which the plaintiff resided 
at the time of the accrual of the cause of action.
  
Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (Vernon 2002) (emphasis 
supplied).
5.  
Tidwell and Butler did not put on any proof that Lynn Smith’s principal place 
of business was in Johnson County.
6.  
Tidwell and Butler objected to the affidavit as being untimely and also 
complained that it did not state that Gault was over age eighteen, did not show 
that Gault was a Lynn Smith employee, and did not state how Gault had personal 
knowledge of the facts averred therein or how he was capable of making the 
affidavit.  See Tex. R. Civ. 
P. 87(3)(a).  The trial court overruled these objections.
7.  
At the hearing on the motion to transfer venue, Lynn Smith’s counsel asked the 
trial court to take judicial notice that Lynn Smith was “headquartered in 
Tarrant County.”  Lynn Smith makes no such request on appeal and has not 
supplied the information necessary to support such a request.  See Tex. R. Evid. 201(d).
8.  
In light of our disposition of the venue issue, we need not consider the 
parties’ remaining issues.  See Tex. R. App. P. 47.1 (providing that 
appellate court need only address issues necessary to final disposition of 
appeal).