**In re Nicole Maria VALETUTTO and Diane Valetutto, as next friend of Nicole Maria Valetutto.**

No. 03–98–00383–CV.

Court of Appeals of Texas,
Austin.

Sept. 9, 1998.

---

Jason C.N. Smith, Law Offices of Art Brender, Fort Worth, for Relator.

James Richard Harmon, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, John W. Stilwell, Eva Esquivel & Associates, Arlington, for Real Party In Interest.

Before YEAKEL,C.J., and ABOUSSIE and JONES, JJ.

### ORDER

PER CURIAM.

Nicole Maria Valetutto and Diane Valetutto, as next friend of Nicole Maria Valetutto, petition for a writ of mandamus ordering the trial court to withdraw its order transferring venue of this cause to Denton County and establishing that venue is proper in Travis County. We will deny the petition.

Nicole Valetutto was injured in an automobile collision with Cynde Martin, a real party in interest.[1] Martin was insured by Allstate.[2] Valetutto alleges an Allstate adjuster told her Allstate would pay her medical bills, but when she presented her bills, another adjuster, Tammy Kretlow, a real party in interest, denied her claim. Valetutto asserted damages for breach of contract and promissory estoppel. She also asserted that Allstate's actions violated the deceptive trade practices act and, thereby, the insurance code, as well as the anti-discrimination provisions of the insurance code. Tex. Ins.Code Ann. arts. 21.21, § 16 and 21.21–8 (West Supp.1998). The anti-discrimination statute forbids "any unfair discrimination between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees, or rates charged for any policy or contract of insurance or in the benefits payable thereunder, or in any of the terms or conditions of such contract, or in any other manner whatever." Ins.Code art. 21.21–8, § 2. The statute mandates venue in Travis County. Id. § 3(a).

The real parties in interest moved to transfer venue to Denton or Dallas County. They contended that there was no basis for venue in Travis County other than the insurance code violations, and that Valetutto lacked standing to bring those claims because she was not party to the insurance policy that created the coverage sued upon. The trial court granted the motion and transferred venue to Denton County.

Valetutto challenges the transfer by petition for writ of mandamus. See Tex. Civ. Prac. & Rem.Code Ann. § 15.0642 (West Supp.1998). She contends that, because venue is mandatory in Travis County for the anti-discrimination claims, all the claims must be heard in Travis County. See Rem.Code

---

1. Because the interests of Nicole and Diane Valetutto are aligned for this petition, we will refer to them collectively as a singular Valetutto.

2. The Allstate defendants, real parties in interest, include Allstate County Mutual Insurance Company, Allstate Insurance company, Allstate Mutual Insurance company, Allstate Indemnity Company, Allstate National Insurance Company, Allstate Texas Lloyd's, Inc., and Allstate Property & Casualty Insurance Company.

§ 15.004. She argues that the trial court abused its discretion when it considered at the venue-challenge stage whether she had standing to pursue the anti-discrimination claims. *See Bleeker v. Villarreal*, 941 S.W.2d 163, 168 (Tex.App.—Corpus Christi 1996, writ granted; writ withdrawn and dism'd by agr.) ("existence of cause of action is immune from challenge at a venue hearing").

■ The rules of procedure limit the scope of the trial court's consideration on venue challenges. Tex.R. Civ. P. 87. "It shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings." Tex.R. Civ. P. 87(2)(b). Valetutto focuses upon the language that the existence of the cause of action will be "taken as established as alleged," while the real parties in interest focus on "pleaded properly." We conclude that pleading facts that demonstrate standing is part of a proper pleading as defined by Rule 87. Without a proper pleading, the Rule 87 presumption that a cause of action exists does not arise.

We conclude that the trial court properly examined whether, based on the pleadings, Valetutto had standing to bring the anti-discrimination cause of action; the court's decision did not require consideration of evidence because there was no dispute that Valetutto was not seeking benefits from a policy she purchased from Allstate. Whether a non-policyholder can plead a cause of action under the anti-discrimination provision of the insurance code is a question of law.

■ The trial court correctly decided that non-policyholders do not have standing to pursue the anti-discrimination provisions of Insurance Code article 21.21–8. Although that statute does not explicitly limit the cause of action to policyholders, neither did Insurance Code article 21.21 before the 1995 amendments, and the supreme court nevertheless held that claims for unfair claim settlement practices could be brought only by policyholders. *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 150 (Tex.1994).[3] The court reasoned that imposing on insurers duties to third parties coextensive with those owed to their policyholders would undermine the insurers' duties to policyholders. *Id.; but see Webb v. International Trucking Co., Inc.*, 909 S.W.2d 220, 226–27 (Tex.App.—San Antonio 1995) (*Watson* not controlling where insurance company promised to repay third party for car repairs made at particular shop, then refused despite third-party's compliance). The language of article 21.21–8—outlawing discrimination in premiums, policy fees, rates charged for any policy or contract of insurance or in the benefits payable thereunder, or in any of the terms or conditions of such contract—indicates that it is designed to protect policyholders because they, rather than non-policyholders, pay the premiums, fees, and rates in exchange for benefits. Suits filed by non-policyholders alleging discriminatory settlement practices could unduly pressure insurers to resolve claims in ways that impinge on the insurers' duty to its policyholders. We decline to find the statute imposes such conflicting burdens.

The issue in this petition is not controlled by *Webb*, the case in which the San Antonio court found a non-policyholder could sue under the insurance code for a DTPA violation. *See* 909 S.W.2d at 226. That court held that, though *Watson* controlled claims of unfair settlement practices, it did not control in a case in which the claims were listed under section 17.46 of the DTPA. *Id.* Similarly, the holding in *Webb* regarding listed DTPA claims does not control whether a non-policyholder can bring an Insurance Code article 21.21–8 claim. That distinction is critical to the merits of Valetutto's petition because she needs a conclusion that her article 21.21–8 claim exists. We need not consider whether to adopt *Webb* regarding listed DTPA claims because, without the article 21.21–8 claim, venue for those actions is not in Travis County.

■ We also decline to hold that Allstate's alleged promise to pay her medical expenses

3. The *Watson* holding was codified in Insurance Code article 21.21 section 4(10)(b). *See* Teel Bivins, et al., *The 1995 Revisions to the DTPA: Altering the Landscape*, 27 Tex. Tech L.Rev. 1441, 1475–78 (1995); *see* Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 11, 1995 Tex. Gen. Laws 2988, 2999 (West).

conferred policyholder status or standing to sue under article 21.21–8 on Valetutto. She contends Allstate's promise to pay her medical expenses was a contract. Any contract between Allstate and Valetutto, however, was not an insurance policy. Allstate's alleged promise to pay medical expenses resulting from a past incident is not a contract "to indemnify another against loss, damage, or liability arising from an unknown or contingent event." *See* Black's Law Dictionary 802 (6th ed.1990) (definition of insurance). While expressing no opinion as to the validity of Valetutto's contract claim, we conclude that any contract to pay these damages does not make her a policyholder protected by the anti-discrimination protections of Insurance Code article 21.21–8.

We conclude that the trial court did not err by examining the pleadings and determining that Valetutto did not properly plead her standing to sue under article 21.21–8. We further conclude that the trial court did not err by concluding that, because the only basis for venue in Travis County was untenable, venue was not appropriate in Travis County. There is no assertion that, without the article 21.21–8 claim, venue in Denton County is improper as to the remaining claims. The trial court did not abuse its discretion by transferring the cause to Denton County. We deny the petition for writ of mandamus.

It is so ordered this 9th day of September 1998.