Lynn Smith v. Tidwell

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-378-CV

LYNN SMITH CHEVROLET-GEO, INC. APPELLANT

   AND APPELLEE

V.

JASON E. TIDWELL APPELLEES

AND LORENE BUTLER       AND APPELLANTS

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Lynn Smith Chevrolet-Geo, Inc. appeals from an adverse judgment for Jason E. Tidwell and Lorene Butler rendered under the Equal Credit Opportunity Act (the ECOA).
(footnote: 1)  In two issues, Lynn Smith argues that the trial court improperly awarded Tidwell and Butler attorney’s fees under the ECOA because Tidwell and Butler did not obtain any relief entitling them to attorney’s fees or, alternatively, that the trial court erred by failing to render judgment in accordance with the parties’ settlement agreement. 

In a cross-appeal, Tidwell and Butler contend that the attorney’s fee award is much lower than the evidence warrants.  Tidwell and Butler also raise a conditional challenge to the trial court’s transfer of venue of the case from Johnson County to Tarrant County.  We will reverse and remand.

In June 2000, Tidwell and Butler purchased a car from Lynn Smith. Tidwell and Butler claim that Lynn Smith unlawfully repossessed the car in August 2000.  They sued Lynn Smith for wrongful repossession and conversion, theft, fraud, breach of contract, and violations of the Certificate of Title Act, Federal Odometer Act, Truth in Lending Act, Equal Credit Opportunity Act, and Deceptive Trade Practices Act, and they sought exemplary damages and attorney’s fees. 

Tidwell and Butler originally filed their suit in Johnson County.  Lynn Smith contended that venue was improper in Johnson County and moved to transfer venue of the case to Tarrant County.  The Johnson County trial court granted the motion and transferred the case to Tarrant County.  Thereafter, the Tarrant County trial court granted Tidwell and Butler a partial summary judgment on their ECOA claims and awarded them attorney’s fees.  Tidwell and Butler then nonsuited their remaining claims against Lynn Smith.  This appeal followed. 

In their second issue on cross-appeal, Tidwell and Butler challenge the trial court’s venue, asserting that the Johnson County trial court improperly transferred the underlying case from Johnson County to Tarrant County.  We will address this issue first because it is dispositive of the appeal.

Tidwell and Butler ask us not to address proper venue unless we reverse the judgment rendered in their favor in Tarrant County.  An erroneous venue determination cannot be harmless, however, but “shall be reversible error.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.064(b) (Vernon 2002); 
see also Ruiz v. Conoco, Inc.,
 868 S.W.2d 752, 758 (1993) (op. on reh’g).  Therefore, if venue was not proper in Tarrant County, the trial court’s judgment must be reversed.

Lynn Smith contends that Tidwell and Butler have waived their venue challenge on appeal by asking us to address proper venue only if we reverse the Tarrant County trial court’s judgment.  Lynn Smith concedes, however, that it cannot find any authority to support its position, and we decline to adopt it here.  Because Tidwell and Butler challenged the trial court’s venue ruling in their opening appellant’s brief, we will consider their complaint.  
See, e.g., Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.,
 46 S.W.3d 880, 885 (Tex. 2001) (holding that appellate issue not raised until motion for rehearing was waived); 
Romero v. State,
 927 S.W.2d 632, 634 n.2 (Tex. 1996) (refusing to consider as unpreserved issue that was raised for first time in post-submission briefing).

Venue selection presupposes that the parties to the lawsuit have choices and preferences about where their case will be tried.  
Wilson v. Tex. Parks and Wildlife Dep’t,
 886 S.W.2d 259, 260 (Tex. 1994).  Because venue may be proper in numerous counties, the plaintiff is given the first choice to fix venue in a proper county and does so by filing suit in the county of her choosing.  
Id.; Eddins v. Parker,
 63 S.W.3d 15, 18 (Tex. App.—El Paso 2001, pet. denied).  If a plaintiff files suit in an improper county, she waives her first choice of venue and the defendant may have the suit transferred to another county, as long as venue is proper in that county.  
Wilson,
 866 S.W.2d at 260; 
WFTO, Inc. v. Braithwaite,
 899 S.W.2d 709, 716 (Tex. App.—Dallas 1995, no writ); 
see also
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.063(1) (Vernon 2002) (providing that trial court shall transfer action to another county of proper venue if county in which action is pending is not a proper county).
(footnote: 2)
 All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party.  
Tex. R. Civ. P.
 87(3)(a).  If a defendant objects to the plaintiff’s venue choice and properly challenges that choice through a motion to transfer venue, the question of proper venue is raised.  
Wichita County v. Hart,
 917 S.W.2d 779, 781 (Tex. 1996); 
Wilson,
 886 S.W.2d at 260-61; 
Tex. R. Civ. P.
 86(3), 87(2)(b).  Once the defendant specifically denies the pleaded venue facts, the burden is on the plaintiff to prove that venue is maintainable in the county of suit.  
Wilson,
 886 S.W.2d at 261; 
Tex. R. Civ. P.
 87(2)(a)-(b).
(footnote: 3)
 To meet this burden, the plaintiff must make prima facie proof of the pleaded venue facts that the defendant has denied.  
Tex. R. Civ. P.
 87(3)(a).  Prima facie proof is made when the venue facts are properly pleaded and an affidavit and any duly proved attachments to the affidavit fully and specifically setting forth the facts supporting such pleading are filed.  
Id.; WTFO,
 899 S.W.2d at 715; 
see also Rodriguez v. Printone Color Corp.,
 982 S.W.2d 69, 72 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (“A prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true.”).  The affidavit must be made on personal knowledge, set forth specific facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify.  
Tex. R. Civ. P.
 87(3)(a); 
WTFO,
 899 S.W.2d at 715.

The trial court shall determine the motion on the basis of the pleadings, the parties’ stipulations, and the affidavits and any proper attachments thereto.  
Tex. R. Civ. P.
 87(2)(b), 88; 
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.064(a) (Vernon 2002); 
Eddins,
 63 S.W.3d at 18.  If the plaintiff adequately pleads and makes prima facie proof that venue is proper in the county of suit, then the trial court must not transfer the case.  
Tex. R. Civ. P.
 87(3)(c); 
see also Wilson,
 886 S.W.2d at 261 (“Together, Rule 87(3)(c) and section 15.063(1) require that a lawsuit pleaded and proved to be filed in a county of proper venue may not be transferred.”).  In that situation, no other county can be a proper county of venue, even if the county of transfer also would have been proper if originally chosen by the plaintiff.  
Wilson,
 886 S.W.2d at 261; 
Jaska v. Tex. Dep’t of Protective & Regulatory Servs.,
 106 S.W.3d 907, 909-10 (Tex. App.—Dallas 2003, no pet.).  This rule gives effect to the plaintiff’s right to select a proper venue.  
Wilson,
 886 S.W.2d at 261.

Our review of the trial court’s venue ruling is governed by statute.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.064(b); 
Wilson,
 886 S.W.2d at 261; 
Ruiz,
 868 S.W.2d at 757.  In determining whether venue was proper, we must conduct an independent review of the entire record.  
Tex
. 
Civ. Prac. & Rem. Code Ann.
 § 15.064(b); 
Wilson,
 886 S.W.2d at 261-62.  This review strikes a balance between the competing interests of the plaintiff and the defendant.  It preserves the plaintiff's right to select and maintain suit in a county of proper venue, and it protects the defendant from fraud or inaccuracy at the pleading stage.  
Wilson,
 886 S.W.2d at 262.

In this case, the record shows that Tidwell and Butler properly pleaded and put on prima facie proof that venue was proper in Johnson County.  In their original petition, Tidwell and Butler pleaded that venue was proper in Johnson 

County pursuant to section 15.002 of the civil practice and remedies code because “some or all of the acts forming the basis of [their] complaint occurred

 in Johnson County . . . .”
(footnote: 4)  Tidwell and Butler further alleged that they resided in Johnson County, Lynn Smith did business as an automobile dealer in Johnson County, and Tidwell and Butler purchased a car from Lynn Smith that Lynn Smith later repossessed, even though Tidwell and Butler were current in their car payments. 

In response, Lynn Smith specifically denied the following venue facts:

•that, at the time Tidwell and Butler’s claims accrued (from June 2000 to present), Lynn Smith’s principal place of business was in Johnson County;

•that all or a substantial part of the events or omissions giving rise to Tidwell and Butler’s claims occurred in Johnson County. 

Tidwell and Butler then amended their pleadings to allege the following additional facts, which they supported by Lorene Butler’s affidavit:  The vehicle Tidwell and Butler had purchased from Lynn Smith was repossessed at Tidwell and Butler’s residence in Johnson County, Texas on or about August 14, 2000 by an individual who represented himself to be an employee or other representative of Lynn Smith.  It was the second time someone from Lynn Smith had come to Tidwell and Butler’s home to attempt to regain possession of the car.  Butler let Lynn Smith have the car only because the dealership threatened to continue to follow her until they regained possession of the vehicle.
(footnote: 5) 

In an attempt to controvert Tidwell and Butler’s pleadings and evidence, Lynn Smith tendered the affidavit of Robert Gault, which stated in its entirety:

My name is Robert Gault.  I am capable of making this affidavit.  The facts stated in the affidavit are within my personal knowledge and are true and correct.

On September 14, 2000, Jason Tidwell and Lorene Butler, voluntarily returned a 1997 Chrysler Sebring to Lynn Smith Chevrolet. 

Lynn Smith asserts that Tidwell and Butler have not properly pleaded or proved any venue facts showing that all or a substantial part of the events or omissions giving rise to their claims occurred in Johnson County.  Lynn Smith contends that most of Tidwell and Butler’s claims are based on the retail installment contract between the parties, which was entered at Lynn Smith’s place of business in Tarrant County. 

The gist of Tidwell and Butler’s suit, however, is that Lynn Smith wrongfully repossessed their car in Johnson County even though they were current in their car payments.  Further, one of the bases on which they sought summary judgment under the ECOA was that Lynn Smith had taken “adverse action” by repossessing their vehicle without giving them written notification of the reasons therefor.  Because the alleged wrongful repossession of Tidwell and Butler’s car in Johnson County is an indispensable component of their claims against Lynn Smith, they have properly pleaded and put on prima facie proof that a substantial part of the events giving rise to their suit occurred in Johnson County.  
See Old Am. County Fire Ins. Co. v. Renfrow,
 90 S.W.3d 810, 819-20 (Tex. App.—Fort Worth 2002, no pet.) (holding, in declaratory judgment suit seeking determination of insurance coverage, that substantial events giving rise to suit occurred in county where permission to drive truck and accident occurred, rather than in county where insurance contract was entered, because suit involved contract construction in light of discrete events surrounding accident), 
rev’d on other grounds,
 130 S.W.3d 70 (Tex. 2004); 
see also Frost Nat’l Bank v. L & F Distribs., Ltd.,
 122 S.W.3d 922, 927-28 (Tex. App.—Corpus Christi 2003, pet. filed); 
S. County Mut. Ins. Co. v. Ochoa,
 19 S.W.3d 452, 460-61 (Tex. App.—Corpus Christi 2000, no pet.)
 (both holding that substantial part of events or omissions giving rise to claim may occur in more than one county).

Moreover, assuming, for argument’s sake, that Gault’s affidavit is competent evidence,
(footnote: 6) it does not establish that the repossession took place outside of Johnson County.  The affidavit does not state where the alleged “voluntary return” of the car took place, whether at Tidwell and Butler’s residence or at Lynn Smith’s dealership, nor does it state what county the dealership was located in.  Gault’s deposition testimony, which is also in the record, shows that Gault testified, “I believe someone went and got [the car],” and there is other evidence in the record that John Woollis, Lynn Smith’s general sales manager, sent someone to retrieve the car. 

Further, there is no evidence that venue was proper in Tarrant County.  Although Lynn Smith asserted in its motion to transfer that venue was proper in Tarrant, rather than Johnson, County, Lynn Smith did not put on any evidence whatsoever that Tarrant County was a proper county of venue.  Lynn Smith alleged that its principal place of business was in Tarrant County but did not put on any prima facie proof to support this pleading.  
See
 
Tex. R. Civ. P.
 87(2)(a)-(b), (3)(a); 
Wilson,
 886 S.W.2d at 260 n.1.  In addition, Lynn Smith does not direct us to any other evidence, and our independent review of the record has revealed none, that venue was proper in Tarrant County.  The record shows that Lynn Smith’s dealership was located at “925 N. Burleson Blvd., Burleson, Texas 76028,” but there is no evidence what county this address is in.
(footnote: 7)
 Having reviewed the entire record, we conclude that it contains some probative evidence that a substantial part of the events or omissions giving rise to Tidwell and Butler’s claims occurred in Johnson County and no probative evidence that anything occurred in Tarrant County.  In this situation, no county but Johnson County can be a proper county of venue.  
Wilson,
 886 S.W.2d at 261.  Accordingly, we hold that the Johnson County trial court erred by granting Lynn Smith’s motion and transferring the case to Tarrant County.  
See Jaska,
 106 S.W.3d at 910.  We sustain Tidwell and Butler’s second issue.

We reverse the Tarrant County trial court’s judgment and the Johnson County trial court’s order transferring the case to Tarrant County and remand the cause to the Tarrant County court with instructions to transfer the case back to Johnson County.
(footnote: 8)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: March 24, 2005

FOOTNOTES
1:
See
 15 U.S.C.A. §§ 1691–1691f (West 1998).

2:
In such a case, the defendant also must make prima facie proof that venue is maintainable in the county to which transfer is sought.  
Tex. R. Civ. P.
 87(2)(a)-(b), (3)(a); 
Wilson,
 886 S.W.2d at 260 n.1.

3:
Rule 87(2)(a) refers to section 15.001 as the “General Rule” regarding venue; however, that section was renumbered as section 15.002 in 1995.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.001 historical note (Vernon 2002) [Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979].

4:
Section 15.002, the general venue statute, provides that all lawsuits shall be brought:  

(1) in the county in which 
all or a substantial part
 of the events or omissions giving rise to the claim occurred;

(2) in the county of the defendant’s residence at the time the cause of action accrued if the defendant is a natural person;

(3) in the county of the defendant’s principal office in Texas, if the defendant is not a natural person; or

(4) if (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. Prac. & Rem. Code Ann.
 § 15.002(a) (Vernon 2002) (emphasis supplied).

5:
Tidwell and Butler did not put on any proof that Lynn Smith’s principal place of business was in Johnson County.

6:
Tidwell and Butler objected to the affidavit as being untimely and also complained that it did not state that Gault was over age eighteen, did not show that Gault was a Lynn Smith employee, and did not state how Gault had personal knowledge of the facts averred therein or how he was capable of making the affidavit.  
See
 
Tex. R. Civ. P.
 87(3)(a).  The trial court overruled these objections. 

7:
At the hearing on the motion to transfer venue, Lynn Smith’s counsel asked the trial court to take judicial notice that Lynn Smith was “headquartered  in Tarrant County.”  Lynn Smith makes no such request on appeal and has not supplied the information necessary to support such a request.  
See
 
Tex. R. Evid.
 201(d).

8:
In light of our disposition of the venue issue, we need not consider the parties’ remaining issues.  
See
 
Tex. R. App. P.
 47.1 (providing that appellate court need only address issues necessary to final disposition of appeal).