NUMBER 13-05-661-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

SOUTHWESTERN BELL 

TELEPHONE
COMPANY,                                                               Appellant,

 

                                                             v.

 

SUPERIOR PAYPHONES, LTD.,

ET
AL.,                                                                                             Appellees.

 

       On
appeal from the 93rd District Court of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                       Before
Justices Hinojosa, Yañez, and Castillo

                            Memorandum
Opinion by Justice Yañez

 








Eleven
separate payphone service providers brought suit in Hidalgo County against
Southwestern Bell Telephone Company (ASouthwestern Bell@) alleging violations of the Texas Free
Enterprise and Antitrust Act of 1983 (AAntitrust Act@). 
Southwestern Bell moved to transfer venue.  The trial court denied the motion to transfer
and this accelerated interlocutory appeal ensued.  We affirm.   


                                                            I.  Procedural History

Eleven
plaintiffs[1]
sued Southwestern Bell in Hidalgo County, Texas, claiming that Southwestern
Bell engaged in activities that violated the Antitrust Act and hindered the
plaintiffs= abilities to compete.  Two of the plaintiffs, Superior Payphones,
Ltd., and CBS, LLC, are Texas companies that provide payphone services in
Texas.  The remaining plaintiffs are Missouri
or Kansas companies providing payphone services in their respective
states.  None of the out-of-state
plaintiffs are registered with the Public Utility Commission of Texas to
provide payphone services in Texas. 
Southwestern Bell has its principal place of business in Dallas,
Texas.  








Plaintiffs
alleged that venue was proper in Hidalgo County pursuant to sections 15.003 and
15.038 of the Texas Civil Practice and Remedies Code and section 15.21 of the
Texas Business and Commerce Code because (a) Southwestern Bell does business in
Hidalgo County, and (b) because a substantial part of the events or omissions
giving rise to the claims of one or more of the plaintiffs occurred there.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.003 (requiring each plaintiff to
independently establish proper venue or meet four requirements for joinder); Id.
' 15.038 (Vernon 2002) (action brought under
any other statute prescribing permissive venue may be brought in the county
allowed by that statute); Tex. Bus.
& Com. Code Ann. ' 15.21(a)(1) (Vernon 2002) (allowing suit
under Antitrust Act in any county in which any of the named defendants resides,
does business, or maintains its principal office, or in any county in which any
of the named plaintiffs resided at the time the cause of action or any part
thereof arose).

Southwestern
Bell filed a motion to transfer venue. 
It challenged the propriety of venue of the nonresident plaintiffs in
Hidalgo County under both sections 15.002 and 15.003 of the civil practice and
remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.002 (Vernon 2002) (general venue
statute).  The plaintiffs opposed the
motion to transfer based on the permissive venue provision in the Antitrust
Act,[2]
which permits suit in any county where the defendant does business.  Both sides presented affidavit evidence.  At the venue hearing, the trial court
admitted additional evidence and took the motion under advisement.  The trial court later signed an order denying
the motion to transfer venue without specifying the grounds for its
decision.  This interlocutory appeal
ensued.  

                                                                  II.  Jurisdiction








Appellees
have questioned this Court=s jurisdiction over the appeal.  Section 15.003 of the civil practice and
remedies code authorizes an interlocutory appeal from a ruling allowing or
disallowing joinder of a plaintiff who is unable to independently establish
venue.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.003(b) (Vernon Supp. 2005); Am. Home
Prods. Corp. v. Clark, 38 S.W.3d 92, 94 (Tex. 2000).  Interlocutory appeal is not available,
however, from a trial court's determination that venue was erroneous.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.064(a) (Vernon 2002); Am. Home Prods.
Corp., 38 S.W.3d at 96.

The trial
court's order does not specify whether the court denied Southwestern Bell=s motion to transfer venue because appellees
independently established proper venue 
or because they met the joinder requirements of section 15.003(a).  Appellees argue that if the former is the
basis for the court's ruling, then we do not have jurisdiction over this
appeal.  Compare Tex. Civ. Prac. & Rem. Code Ann. ' 15.003(b) (permitting an interlocutory
appeal when plaintiff is unable to independently establish proper venue) with Tex. Civ. Prac. & Rem. Code Ann. ' 15.064(a) (interlocutory appeals are not
generally permitted from venue determinations). If the latter rationale is
relied upon, appellees assert, then we may have jurisdiction over the
appeal.  Appellees request that we
dismiss this appeal, or alternatively, abate and remand this matter to the
trial court for a more specific order detailing the basis for the trial court=s ruling. 
See Am. Home Prods. Corp., 38 S.W.3d at 96-97; In re Fincher,
P.C., 141 S.W.3d 255, 259 (Tex. App.BFort Worth 2004, orig. proceeding). 








Appellees= argument is misplaced.  The Legislature amended section15.003 of the
civil practice and remedies code in 2003. 
Section 15.003(a) now applies to any Asuit in which there is more than one
plaintiff,@ whether the plaintiffs are included Aby joinder, by intervention, because the
lawsuit was begun by more than one plaintiff, or otherwise.@  Tex. Civ. Prac. & Rem. Code Ann. ' 15.003(a). 
Subsection (b) of this section 15.003 allows an interlocutory appeal of
a trial court=s determination that (1) a plaintiff did or
did not independently establish proper venue, or (2) a plaintiff that did not
independently establish proper venue did not establish the four requirements of
subsection (a).  See id. ' 15.003(b). 
Accordingly, interlocutory appeals are available in all venue
determinations involving multiple plaintiffs where joinder is challenged.  See id.  We therefore have jurisdiction over this
appeal.

                                                                      III.  Venue

Under the
Legislature's general venue scheme, Aexcept as otherwise provided,@ all lawsuits shall be brought (1) in the
county in which all or a substantial part of the events or omissions giving
rise to the claim occurred, (2) in the county of the defendant's residence at
the time the cause of action accrued if the defendant is a natural person, (3)
in the county of the defendant=s principal office in this state, if the
defendant is not a natural person, or (4) if the foregoing provisions do not
apply, in the county in which the plaintiff resided at the time of the accrual
of the cause of action.  Tex. Civ. Prac. & Rem. Code Ann.  ' 15.002(a); Am. Home Prods. Corp., 38
S.W.3d at 94.  Under section 15.038 of
the civil practice and remedies code, AOther Permissive Venue,@ an action governed by any other statute
prescribing permissive venue may be brought in the county allowed by that
statute. Tex. Civ. Prac. & Rem. Code
Ann. ' 15.038 (Vernon 2002).  Section 15.21(a) of the Antitrust Act
provides as follows:








Any person or governmental entity . . .
whose business or property has been injured by reason of any conduct declared
unlawful . . . may sue any person, other than a municipal corporation, in
district court in any county of this state in which any of the named defendants
resides, does business, or maintains its principal office or in any county in
which any of the named plaintiffs resided at the time the cause of action or
any part thereof arose . . . .

 

Tex.
Bus. & Com. Code Ann. ' 15.21(a)(1) (Vernon 2002).[3]  In a suit in which there is more than one
plaintiff, each plaintiff must, independently of every other plaintiff,
establish proper venue. Tex. Civ. Prac.
& Rem. Code Ann. ' 15.003(a) (Vernon Supp. 2005); Am. Home
Prods. Corp., 38 S.W.3d at 94.  

                                                          IV.  Standard of Review








Venue
selection presupposes that the parties to the lawsuit have choices and
preferences about where their case will be tried.  Wilson v. Tex. Parks and Wildlife Dep't,
886 S.W.2d 259, 260 (Tex. 1994); Lynn Smith Chevrolet‑Geo, Inc. v.
Tidwell, 161 S.W.3d 738, 742 (Tex. App.BFort Worth 2005, no pet.).  Plaintiffs are accorded the right to choose
venue first as long as suit is initially filed in a county of proper venue.  Wilson, 886 S.W.2d at 261; Eddins
v. Parker, 63 S.W.3d 15, 18 (Tex. App.BEl Paso 2001, pet. denied).   When the county in which the plaintiff files
suit is at least a permissive venue and when no mandatory provision applies,
the plaintiff's venue choice cannot be disturbed.  See Wilson, 886 S.W.2d at 260; Chiriboga
v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673, 677 (Tex. App.BAustin 2003, no pet.).  If the parties' dispute involves two counties
of permissive venue, transferring the case is improper. Wilson, 886
S.W.2d at 262; KW Constr. v. Stephens & Sons Concrete Contrs., Inc.,
165 S.W.3d 874, 880 (Tex. App.BTexarkana 2005, pet. filed).  If a plaintiff files suit in an improper
county, she waives her first choice of venue and the defendant may have the
suit transferred to another county, as long as venue is proper in that county.  Wilson, 886 S.W.2d at 260; WTFO,
Inc. v. Braithwaite, 899 S.W.2d 709, 716 (Tex. App.BDallas 1995, no writ); see also Tex. Civ. Prac. & Rem. Code Ann. ' 15.063(1) (Vernon 2002) (providing that
trial court shall transfer action to another county of proper venue if county
in which action is pending is not a proper county). 

All venue
facts, when properly pleaded, shall be taken as true unless specifically denied
by the adverse party.  Tex. R. Civ. P. 87(3)(a).  If a defendant objects to the plaintiff's
venue choice and properly challenges that choice through a motion to transfer
venue, then the question of proper venue is raised.  Wichita County v. Hart, 917 S.W.2d
779, 781 (Tex. 1996); Wilson, 886 S.W.2d at 260‑61; see Tex. R. Civ. P. 86(3), 87(2)(b).  Once the defendant specifically denies the
pleaded venue facts, the burden is on the plaintiff to prove that venue is
maintainable in the county of suit.  Wilson,
886 S.W.2d at 261; see Tex. R.
Civ. P. 87(2)(a)‑(b). 








To meet
this burden, the plaintiff must make prima facie proof of the pleaded venue
facts that the defendant has denied.  Tex. R. Civ. P. 87(2)(a), (3)(a); In
re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999).  Prima facie proof is made when the venue
facts are properly pleaded and an affidavit is filed, along with any duly
proved attachments to the affidavit, fully and specifically setting forth the
facts supporting such pleading.  Tex. R. Civ. P. 87((3)(a); Lynn
Smith Chevrolet‑Geo, Inc., 161 S.W.3d at 742; WTFO, 899 S.W.2d
at 715; see also Rodriguez v. Printone Color Corp., 982 S.W.2d 69, 72
(Tex. App.BHouston [1st Dist.] 1998, no pet.) ("A
prima facie case represents the minimum quantity of evidence necessary to
support a rational inference that the allegation of fact is true.").  The affidavit must be made on personal
knowledge, set forth specific facts as would be admissible in evidence, and
must show affirmatively that the affiant is competent to testify.  Tex.
R. Civ. P. 87(3)(a); WTFO, 899 S.W.2d at 715.

The
plaintiff's prima facie proof is not subject to rebuttal, cross‑examination,
impeachment, or disproof.  Ruiz v.
Conoco, Inc., 868 S.W.2d 752, 757 (Tex. 1993); Chiriboga, 96 S.W.3d
at 678. When ruling on a motion to transfer venue, the trial court must assume
the pleadings are true and decide based on the pleadings and affidavits
submitted by the parties.  Tex. R. Civ. P. 87; Chiriboga,
96 S.W.3d at 678.  Venue questions are to
be decided based on the "facts existing at the time the cause of action
that is the basis of the suit accrued." 
Tex. Civ. Prac. & Rem. Code
Ann. ' 15.006 (Vernon 2002).  The action must remain in the county of suit
if the plaintiff selected a county of proper venue and supported the selection
with prima facie proof supporting venue in that county.  Wilson, 886 S.W.2d at 261.








The trial
court shall determine the motion on the basis of the pleadings, the parties'
stipulations, and the affidavits and any proper attachments thereto. Tex. R. Civ. P. 87(2)(b), 88; Tex. Civ. Prac. & Rem. Code Ann. ' 15.064(a) (Vernon 2002); Eddins, 63
S.W.3d at 18.  If the plaintiff
adequately pleads and provides prima facie proof that venue is proper in the
county of suit, then the trial court must not transfer the case. Tex. R. Civ. P. 87(3)(c); see also
Wilson, 886 S.W.2d at 261 ("Together, Rule 87(3)(c) and section
15.063(1) require that a lawsuit pleaded and proved to be filed in a county of
proper venue may not be transferred."). 
In such a situation, no other county can be a proper county of venue, even
if the county of transfer also would have been proper had it been originally
chosen by the plaintiff.  Wilson,
886 S.W.2d at 261; Jaska v. Tex. Dep't of Prot. & Reg. Servs., 106
S.W.3d 907, 909‑10 (Tex. App.BDallas 2003, no pet.).  This rule gives effect to the plaintiff's
right to select a proper venue.  Wilson, 886 S.W.2d at 261.

Our
review of the trial court's venue ruling is governed by statute.  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.064(b); Wilson, 886 S.W.2d at
261; Ruiz, 868 S.W.2d at 757.  In
determining whether venue was proper, we must conduct an independent review of
the entire record for any probative evidence that venue was proper in the
original county of suit.  Tex. Civ. Prac. & Rem. Code Ann. ' 15.064(b); Wilson, 886 S.W.2d at 261‑62;
Cartwright v. Cologne Prod. Co., 2006 Tex. App. LEXIS 102, 17‑18
(Tex. App.BCorpus Christi Jan. 5, 2006, no pet. h.); Chiriboga,
96 S.W.3d at 677; see also Blalock Prescription Ctr., Inc. v. Lopez‑Guerra,
986 S.W.2d 658, 663 (Tex. App.BCorpus Christi 1998, no pet.).  This review preserves the plaintiff's right
to select and maintain suit in a county of proper venue, and it protects the
defendant from fraud or inaccuracy at the pleading stage.  Wilson, 886 S.W.2d at 262.








This
review should be conducted like any other review of a trial court's findings of
fact and legal rulings, except that the evidence need not be reviewed for
factual sufficiency.  Ruiz, 868
S.W.2d at 758; Cartwright, 2006 Tex. App. LEXIS 102, *17‑*18; Colonial
County Mut. Ins. Co. v. Valdez, 30 S.W.3d 514, 527 (Tex. App.BCorpus Christi 2000, pet. denied).  If there is probative evidence to support the
trial court's determination, even if the preponderance of the evidence is to
the contrary, the appellate court must uphold the trial court's venue
determination.  Wilson, 886 S.W.2d
at 262; Cartwright, 2006 Tex. App. LEXIS 102, *17‑*18; Valdez,
30 S.W.3d at 527; see also Ruiz, 868 S.W.2d at 758.  An appellate court cannot review the
sufficiency of the evidence supporting the plaintiff's venue choice.  Ruiz, 868 S.W.2d at 758.  However, conclusive evidence to the contrary
can destroy the "probative evidence." 
See Ruiz, 868 S.W.2d at 757; Chiriboga, 96 S.W.3d at
678.  Although we view the record in the
light most favorable to the trial court's ruling, we do not defer to the trial
court's application of the law to the facts of the case.  See Ruiz, 868 S.W.2d at 758; Cartwright,
2006 Tex. App. LEXIS 102, *17‑*18. 

                                                                    V.  Analysis

In its
first issue, Southwestern Bell contends that the nine non-Texas plaintiffs do
not have standing to assert their claims under the Antitrust Act and,
accordingly, the trial court should have dismissed the non-Texas plaintiffs= claims. 
Southwestern Bell further argues, in the alternative, that the trial
court erred in failing to transfer the non-Texas plaintiffs= claims to a district court in Dallas County
or, arguably, Bexar County.  In its
second issue, Southwestern Bell contends generally that the trial court erred
in denying its motion to transfer venue. 

As an
initial matter, we note that appellant is allowed an interlocutory appeal of
the trial court=s venue determination; however, we question
whether appellant=s challenge to appellees= standing under the Antitrust Act should
properly be encompassed within that review. 
Under Texas Rule of Civil Procedure 87(2)(b), when determining the issue
of venue:








It shall not be necessary for a claimant to
prove the merits of a cause of action, but the existence of a cause of action,
when pleaded properly, shall be taken as established as alleged by the
pleadings.  When the defendant
specifically denies the venue allegations, the claimant is required by prima
facie proof . . . to support such pleading that the cause of action taken as
established by the pleadings, or a part of such cause of action, accrued in the
county of suit.

 

Tex.
R. Civ. P. 87(2)(b); see
Bleeker v. Villarreal, 941 S.W.2d 163, 168 (Tex. App.BCorpus Christi 1996, writ granted; writ
withdrawn and dism'd by agr.) ("existence of cause of action is immune
from challenge at a venue hearing"). 
Nevertheless, Southwestern Bell contends that a plaintiff who bases
venue on a permissive provision in a statute outside the general venue statue,
such as the Texas Insurance Code or the Antitrust Act, must establish that it
has standing to make that statutory claim. 
In support of its argument, Southwestern Bell cites In re Valetutto,
976 S.W.2d 893, 895 (Tex. App.BAustin 1998, orig. proceeding) (venue facts
must establish standing under insurance code); U. S. Steel Corp. v.
Fiberglass Specialties, Inc., 638 S.W.2d 950, 953-54 (Tex. App.BTyler 1982, no writ) (venue facts must
establish standing under DTPA); L & M-Surco Mfg., Inc. v. Winn Tile Co.,
580 S.W.2d 920, 922 (Tex. Civ. App.BTyler 1979, writ dism=d) (same). 









In Valetutto,
for instance, the relator brought suit against an insurance company for various
causes of action in Travis County under the mandatory venue provision in the
insurance code.  Valetutto, 976
S.W.2d at 894.  In its motion to transfer
venue, the insurance company alleged that the relator lacked standing to sue
under the insurance code because the relator was not a party to the insurance
contract at issue.  Id.  The trial court agreed and  transferred venue of the cause.  Id. 
On mandamus, the relator argued that the trial court abused its
discretion when it considered at the venue‑challenge stage whether she
had standing to pursue her insurance code claims.  Id. 
The Austin Court of Appeals concluded that the trial court properly
examined whether, based on the pleadings, Valetutto had standing to bring the
cause of action; the court's decision did not require consideration of evidence
because there was no dispute that Valetutto was not seeking benefits from a
policy she purchased from Allstate.  Id.
at 895.  The Austin Court further noted
that whether a non‑policyholder could plead a cause of action under the
anti‑discrimination provision of the insurance code is a question of
law.  Id. 

In the
instant case, we need not decide whether or not the issue of standing is
legitimately encompassed within our review of the trial court=s venue determination because the result, in
either event, is the same.  That is,
assuming without deciding that the subject of standing is properly encompassed
within this venue appeal, based on our analysis herein, the appellees have
standing to sue under the Antitrust Act and venue was properly based in Hidalgo
County under the Antitrust Act.








Southwestern
Bell contends that the non-Texas plaintiffs must independently establish venue,
and they failed to do so because they lack standing to assert their claims
under the Texas Antitrust Act.[4]  According to Southwestern Bell, they lack
standing because (1) the Act governs competition in Texas for the benefit of
Texas consumers, (2) the alleged competition in Kansas and Missouri for Kansas
and Missouri consumers does not fall within the Act=s scope, and (3) to read the Act otherwise
contravenes the Act=s purposes and principles of interstate
commerce, comity, and statutory interpretation.

The
Antitrust Act prohibits monopolies or attempts to monopolize. Tex. Bus. & Com. Code Ann. ' 15.05(b) (Vernon 2002); Chromalloy Gas
Turbine Corp. v. United Techs. Corp., 9 S.W.3d 324, 327 (Tex. App.BSan Antonio 1999, pet. denied).  The Antitrust Act prohibits as unlawful
"every contract, combination, or conspiracy in restraint of trade or
Commerce."   Tex. Bus. & Com. Code Ann. ' 15.05(a) (Vernon 2002); Levinthal v.
Kelsey‑Seybold Clinic, P.A., 902 S.W.2d 508, 511 (Tex. App.BHouston [1st Dist.] 1994, no writ).








The Texas
Antitrust Act seeks to provide a level playing field to benefit the consumers
of the state.  Caller‑Times Pub.
Co. v. Triad Communications, Inc., 826 S.W.2d 576, 581 (Tex. 1992).  The Texas Antitrust Act is modeled on both
the Sherman Antitrust Act and the Clayton Act. 
Id. at  580.  By statute, Texas antitrust law must be
harmonized with federal antitrust law.  Tex. Bus. & Com. Code Ann. ' 15.04; Abbott Lab. (Ross Lab. Div.) v.
Segura, 907 S.W.2d 503, 505 (Tex. 1995); Caller‑Times Pub. Co.,
826 S.W.2d at 580; Ash v. Hack Branch Distrib. Co., 54 S.W.3d 401, 417 (Tex.
App.BWaco 2001, pet. denied).  Accordingly, section 15.04 of the Texas
Antitrust Act allows Texas courts to draw from the law of any circuit in
guiding their interpretation of the Act. 
Caller‑Times Pub. Co., 826 S.W.2d at 580.

After
reviewing the Antitrust Act, we conclude that the plain language of the
Antitrust Act belies Southwestern Bell=s argument that the non-Texas plaintiffs
lack standing to bring suit under the Antitrust Act.  The Antitrust Act creates a cause of action
for Aany person@ whose business or property has been injured
by conduct declared unlawful by the act. 
Tex. Bus. & Com. Code Ann.
' 15.21(a). Under section 15.04, the purpose
of the act is to Amaintain and promote economic competition in
trade and commerce occurring wholly or partly within the State of Texas and
to provide the benefits of that competition to consumers in the state.@  Tex. Bus. & Com. Code Ann. ' 15.04 (Vernon 2002) (emphasis added).  The Antitrust Act applies to activity or
conduct that Ain any way affects or involves interstate or
foreign commerce.@  Tex. Bus. & Com. Code Ann. ' 15.25(b) (Vernon 2002).  In section 15.25(b) of the Antitrust Act, the
Legislature explicitly declared that its intent was to Aexercise its powers to the full extent
consistent with the constitutions of the State of Texas and the United States.@  See
id.








  In the instant case, all plaintiffs allege
that Southwestern Bell has engaged in monopolistic practices in commerce
occurring wholly or partly within the State of Texas.  All plaintiffs have, during relevant time
periods, requested service connections, paid for telephone lines, and requested
disconnection of Southwestern Bell payphones to Southwestern Bell in
Texas.  Currently, plaintiffs transact
the same business through a competitive local exchange carrier, although the
requests are still ultimately handled by Southwestern Bell in Texas.  Southwestern Bell, in Texas, through its
competitive local exchange carriers, handles orders for line provisioning and
service requests from non-Texas plaintiffs. 
This matter involves allegedly anticompetitive conduct occurring partly
in Texas and which affects consumers in Texas and other states.  Accordingly, we conclude that the non-Texas
plaintiffs in this matter may bring suit under the Antitrust Act.  We join our sister court, Texarkana, in
reaching this conclusion.  See The
Coca-Cola Co. v. Harmar Bottling Co., 111 S.W.3d 287, 296 (Tex. App.BTexarkana 2003, pet. granted) (allowing
extraterritorial application of the Antitrust Act).   








In the
venue statutes, under section 15.038, AOther Permissive Venue,@ an action governed by any other statute
prescribing permissive venue may be brought in the county allowed by that
statute. Tex. Civ. Prac. & Rem. Code
Ann. ' 15.038 (Vernon 2002).  As noted above, the Antitrust Act contains
its own venue provision.  Under the
Antitrust Act, any person who has been injured by reason of any conduct
declared unlawful under the Act may sue Ain district court in any county of this
state in which any of the named defendants resides, does business, or maintains
its principal office or in any county in which any of the named plaintiffs
resided at the time the cause of action or any part thereof arose.@  Tex. Bus. & Com. Code Ann. ' 15.21(a)(1) (Vernon 2002).  Moreover, the Antitrust Act further provides
that, whenever any suit or petition is filed under the Act, Athe court shall have jurisdiction and venue
to hear and determine the matter presented and to enter any order or orders
required to implement the provisions of this Act.  Once suit is properly filed, it may be transferred
to another county upon order of the court for good cause shown.@  Tex. Bus. & Com. Code Ann. ' 15.26 (Vernon 2002).  In the instant case, Southwestern Bell has
neither denied that it does business in Hidalgo County nor has it denied that
named plaintiff, Superior Payphones, Ltd., has its principal place of business
in Hidalgo County.  Accordingly, venue is
proper in Hidalgo County for each of the plaintiffs, including those non-Texas
entities.  Southwestern Bell has neither
argued nor attempted to show good cause for transfer to another county as
suggested by the Antitrust Act.  See
id.  We overrule Southwestern Bell=s first and second issues. 

                                                                 VI.  Conclusion

Based on
the foregoing, the trial court did not err in failing to dismiss the appellees= claims or in refusing to transfer the cause
to Dallas County or Bexar County.  The
appellees adequately pleaded and made prima facie proof that venue is proper in
Hidalgo County, the county of suit, and accordingly, the trial court properly
refused to transfer the case.  Tex. R. Civ. P. 87(3)(c); see also
Wilson, 886 S.W.2d at 261.  We affirm
the ruling of the trial court.

 

 

                                                                                                                      

LINDA REYNA YAÑEZ,

Justice

 

 

 

Memorandum opinion delivered and filed 

this the 23rd day of February, 2006.











[1] Plaintiffs include the
following:  (1) Superior Payphones, Ltd.,
a Texas corporation with its principal place of business in McAllen, Texas; (2)
Lindeman Communications, a Missouri corporation with its principal place of
business in Aurora, Missouri; (3) Coyote Call Pay Phones, a Kansas corporation
with its principal place of business in Olathe, Kansas; (4) Sunset Enterprises,
Inc., a Missouri corporation with its principal place of business in St. Louis,
Missouri; (5) Precision Communications, a Kansas corporation with its principal
place of business in Gardner, Kansas; (6) CBS, LLC, a Texas limited liability company
with its principal place of business in College Station, Texas; (7) KC Telecom,
Inc., a Kansas company with its principal place of business in Bonner Springs,
Kansas; (8) Payphone Concepts, Inc., a Kansas corporation with its principal
place of business in Junction City, Kansas; (9) Joltran Communications, a
Kansas corporation with its principal place of business in St. Louis, Missouri;
(10) Tel-Pro, Inc., a Kansas corporation with its principal place of business
in St. Louis, Missouri; and (11) Commercial Communications Services LLC, a
Missouri corporation with its principal place of business in St. Louis,
Missouri.





[2] Under section 15.21(a) of
the Antitrust Act, 

 

Any person or governmental
entity . . . whose business or property has been injured by reason of any
conduct declared unlawful . . . may sue any person, other than a municipal
corporation, in district court in any county of this state in which any of the
named defendants resides, does business, or maintains its principal office or
in any county in which any of the named plaintiffs resided at the time the
cause of action or any part thereof arose . . . .

 

Tex.
Bus. & Com. Code Ann. ' 15.21(a)(1) (Vernon 2002).





[3] Under the statute, the
term Aperson@ includes Aa natural person,
proprietorship, partnership, corporation, municipal corporation, association,
or any other public or private group, however organized, but does not include
the State of Texas, its departments, and its administrative agencies or a
community center@ operating under the health
and safety code.  See Tex. Bus. & Com. Code Ann. ' 15.03(3) (Vernon 2002).





[4] Whether a plaintiff has
standing to bring an antitrust claim is the initial inquiry in antitrust cases.
Maranatha Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92, 105 (Tex.
App.BHouston [1st Dist.] 1994,
writ denied) (citing Jayco Sys., Inc. v. Savin Bus. Machs. Corp., 777
F.2d 306, 313 (5th Cir. 1985)). The issue of standing to bring an antitrust
claim is a question of law.  See id. (citing
Eagle v. Star‑Kist Foods, Inc., 812 F.2d 538, 539 (9th Cir.
1987)).  The party bringing an antitrust
claim "must be either a consumer of the alleged violator's goods or
services or a competitor of the alleged violator" in the market.  Id. (citing Eagle, 812 F.2d at 540;
Bell v. Dow Chem. Co., 847 F.2d 1179, 1183 (5th Cir. 1988) (holding that
"consumers and competitors . . . are the parties that have standing to
sue"); Assoc. Gen. Contractors v. California State Council of Carpenters,
459 U.S. 519, 539 (1983) (holding that plaintiff had no antitrust cause of
action where it "was neither a consumer nor a competitor" in the
market)).

 

We note that Southwestern
Bell=s standing argument is
unusual insofar as it is not premised on the general standing requirements for
antitrust cases.  Federal antitrust law
imposes a threshold standing requirement upon persons seeking liability for
antitrust violations.  Scott v.
Galusha, 890 S.W.2d 945, 950 (Tex. App.BFort Worth 1994, writ denied) (citing Bowen v.
Wohl Shoe Co., 389 F. Supp. 572, 578 (S.D. Tex. 1975)). There is a two‑pronged
test to examine whether a plaintiff has proper antitrust standing.  Id. (citing Todorov v. DCH
Healthcare Auth., 921 F.2d 1438, 1448 (11th Cir. 1991)). A court should
first determine whether the plaintiff suffered an antitrust injury, and second,
the court should determine whether the plaintiff is an efficient enforcer of
the antitrust laws, which requires analysis of the directness or remoteness of
the plaintiff's injury.  Id.
(citing Todorov, 921 F.2d at 1449).